Application of REICH.

No. 139.

Circuit Court of Appeals, Second Circuit.

Dec. 8, 1944.

Appleton, Rice & Perrin, of New York City (John Windsor and Thomas J. Byrne, both of New York City, of counsel), for appellant.

Duberstein & Schwartz, of Brooklyn (Max Schwartz, of New York City, Samuel C. Duberstein, of Brooklyn, and Morton Roth, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Reich, on November 1, 1941, brought suit against appellant in the Supreme Court of the State of New York. In that suit he sought, inter alia, to recover royalties under certain patent license agreements between him and appellant and rescission of certain subsequent modifying agreements (on the ground that they had been procured by appellant's fraudulent representation and coercion). There was considerable delay in bringing this suit to trial; in part that delay was due to appellant's repeatedly procuring ex parte orders for a stay of examination before trial.[1] Many months after the State court action was begun, appellant, on August 23, 1943, instituted an action against Reich in the United States District Court for the Eastern District of Pennsylvania, seeking a declaratory judgment invalidating Reich's patents [2] and declaring that the devices manufactured by appellant do not embody the features of those patents.[3] The State court refused appellant's application for a stay of the State court action pending the determination of the declaratory judgment suit; the federal court in the declaratory judgment suit refused Reich's application to stay that suit pending the determination of the State court action. On June 3, 1944, Reich filed in the court below a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in which (and in affidavits also therein filed) he stated that he was unable to pay his debts as they matured; that he had been able to procure funds to engage counsel to prosecute the State court suit, but that his assets were so limited and of such character that he was unable to procure funds to pay a patent lawyer to de-

---

[1] On November 15, 1943, Mr. Justice Shientag in the New York suit entered an order staying appellant from making any further ex parte applications of that kind.

[2] The patents included all those which might be involved in the State court action if Reich there succeeded in having the modifying agreements rescinded.

[3] Appellant asserts that it began that action promptly after it learned through Reich's bill of particulars in the State court suit on April 2, 1943 the real nature of the cause of action there asserted. Reich, on the other hand, asserts that appellant knew long before then of the nature of that cause of action.

fend him in the declaratory judgment action on the merits,[4] so that, if it proceeded, he would be defaulted and thus lose in that action; and that his only hope of obtaining such funds for that purpose was through obtaining a judgment against appellant in the State court action. His petition proposed an arrangement, not affecting his secured creditors, by which the rights of his unsecured creditors would be modified so as to provide for payment to them in full out of the cash to be obtained in his suit against appellant, such payment to be conditioned upon the recovery of such judgment in that action and its collection. He asked that he be continued in possession of his property subject to the control of the Bankruptcy court, including the continuation of the prosecution of the State court suit, and that, for the protection of his estate, the suit instituted by appellant against him in the United States District Court in Pennsylvania be restrained, subject to the further order of the Bankruptcy court. In an affidavit he stated that the State court action was on the "Ready Trial Calendar" for the week of June 5, 1944; that the reason that he desired to have appellant's suit stayed was to afford him an opportunity to engage counsel to defend that suit; that failure to stay it might result in the destruction and loss of the principal asset out of which his creditors could expect to be paid. On the basis of the petition and affidavits, the court below entered an ex parte order continuing Reich in possession of his assets; authorizing him to continue the prosecution of the State court suit; ordering that all monies coming into his hands be placed in a designated depositary of the court, to be withdrawn only by checks signed by the debtor and countersigned by a designated referee in bankruptcy; and staying appellant from taking any further steps in the declaratory judgment suit, except upon further order of the bankruptcy court. The declaratory judgment action was about to proceed to trial when the stay order was served on appellant on June 5, 1944. On June 6, appellant obtained an order to show cause in the court below by which on June 9, 1944 it brought on for hearing therein its motions to vacate the stay, to restrain Reich and his attorneys from taking any further steps in the New York suit and to dismiss the Chapter XI petition. Appellant appeals from an order denying these motions.

■■ 1. If Reich's petition be read as proposing that payment of his creditors be limited to payment out of any recovery against appellant, it would be improper, because he has some other property (despite the fact that apparently it has a small value and cannot be liquidated with any promptness). But we read the petition as seeking not to limit the recovery of the creditors but as merely staying them until the debtor can procure sufficient funds through the State court suit to pay them in full. We think the petition so read is authorized by Chapter XI; the majority of creditors may care to accept such an "arrangement"; they are of course not obliged to do so, and, if they do not, the "arrangement" will fail.[5]

■ 2. Nor is the "arrangement" improper under Chapter XI because it cannot be accomplished without staying appellant's Pennsylvania action. For, on the facts sufficiently appearing in the record, the creditors might lose the major source of payment should appellant's action proceed and, because of Reich's inability to raise funds, should he be defaulted in that action.

■ 3. We think, therefore, that the court below did not abuse its discretion in granting, and then in refusing to vacate, the stay of appellant's action in order to give an opportunity to the debtor to procure funds for the defense of that action through a prosecution of the State court suit.

■ 4. Appellant complains that the State court, in passing upon the issues in the case before it, may incidentally make determinations which may be res judicata in the declaratory judgment action as to the validity of the patents. We are not sufficiently advised of the facts to know whether or not that may happen. But the fact that it may is no basis for refusing to grant the stay of the declaratory judgment action.

■ 5. The court below, however, should take steps to insure that Reich, with the greatest possible promptness, prosecutes the State court action to its conclusion. We affirm without prejudice to appellant's

---

[4] He was able apparently, through the kindness of counsel, to procure a representation to ask for a stay of that suit.

[5] In view of our disposition of the case, we do not pass on the question whether appellant, not a creditor of Reich, has a standing to ask the dismissal of the petition.

right, if Reich is not thus proceeding diligently, again to ask for a vacation of the stay.

Affirmed.